[No. A060496. First Dist., Div. Five. Feb. 23, 1994.]

In re ALYSSA H., a Minor.
HUMBOLDT COUNTY SOCIAL SERVICES AGENCY, Petitioner and
Respondent, v.
CHARLES H., Objector and Appellant.

**COUNSEL**

Stephen Selwyn Smith for Objector and Appellant.

Stephen R. Nielson, County Counsel, for Petitioner and Respondent.

**OPINION**

**HANING, J.**—Charles H. appeals a judgment declaring his minor daughter, Alyssa, free from his parental custody and control pursuant to Civil Code former section 232, subdivision (a)(2) and (a)(7).[1] The minor was adjudicated a dependent child of the juvenile court prior to January 1, 1989. (See

---

[1]Unless otherwise indicated, all further statutory references are to the Civil Code. Former section 232 provides, in relevant part: "(a) An action may be brought for the purpose of

Welf. & Inst. Code, § 366.26 [procedures applicable to minors adjudicated dependent children on or after Jan. 1, 1989].) Appellant contends the evidence is insufficient to support the court's findings. Respondent contends the appeal is untimely. The mother does not appeal.

## PROCEDURAL HISTORY

In July 1988 a petition to declare the minor, five months old, a dependent child of the court (Welf. & Inst. Code, § 300, subd. (a)) was filed alleging she was at risk for severe emotional and physical abuse due to parental neglect, and she was placed in foster care. In September the petition was found true, the minor was declared a dependent and placement was continued with the foster parent. The parents received extensive reunification services for two years.

In August 1990 a permanency planning hearing was held (Welf. & Inst. Code, § 366.25), at which time the court determined that (1) return of the minor to her parents would create a substantial risk of detriment to her, (2) there was no substantial probability she would be returned to her parents within six months, (3) it would be detrimental to the minor to remove her from her foster mother's care, (4) further contact with the parents would be detrimental to her emotional well-being, (5) reasonable reunification services had been provided to no avail and should be discontinued, and (6) the minor was adoptable and the permanent plan was for adoption. The court ordered respondent to institute proceedings to terminate parental rights under former section 232.

Appellant challenged the order from the permanency planning hearing by appeal (which this court treated as an extraordinary writ) and by a consolidated petition for writ of habeas corpus (A051565, A054860). In our unpublished opinion filed May 12, 1992, we determined the court's findings were supported by substantial evidence and denied the petitions.

having any child under the age of 18 years declared free from the custody and control of either or both of his or her parents when the child comes within any of the following descriptions: [¶] . . . [¶] (2) Who has been neglected or cruelly treated by either or both parents, if the child has been a dependent child of the juvenile court under any subdivision of Section 300 of the Welfare and Institutions Code and the parent or parents have been deprived of the child's custody for one year prior to the filing of a petition pursuant to this section. Physical custody by the parent or parents for insubstantial periods of time shall not serve to interrupt the running of the one-year period. [¶] . . . [¶] (7) Who has been in out-of-home placement under the supervision of the juvenile court, the county welfare department, or other public or private licensed child-placing agency for a one-year period, if the court finds that return of the child to the child's parent or parents would be detrimental to the child and that the parent or parents have failed during that period, and are likely to fail in the future, to maintain an adequate parental relationship with the child, which includes providing both a home and care and control for the child. . . ."

A petition to terminate parental rights under former section 232, subdivision (a)(2), (a)(5) and (a)(7) was filed on October 25, 1990. Trial on the petition was held between October 20 and November 9, 1992. On October 23, the court announced its tentative decision granting the petition.

On November 9, 1992, the court acknowledged its prior tentative decision and the mother's counsel stated the proposed judgment conformed therewith. Following argument by appellant's counsel, the court stated it would sign the judgment. The judgment was signed that day (November 9) and filed on November 18. Appellant's notice of appeal was filed January 12, 1993, 64 days after the judgment was declared in open court and signed by the court.

Prior to filing its brief on appeal respondent moved, without opposition, to dismiss the appeal on the ground that the notice of appeal was untimely filed. We denied the motion without prejudice to respondent's raising the issue in its brief on appeal. Respondent has raised the timeliness issue in its brief, but appellant has not addressed the issue in his reply brief.

### DISCUSSION

 Respondent contends the notice of appeal is untimely under California Rules of Court, rule 39.1(f) (all further rule references are to the California Rules of Court). Rule 39.1 applies to "any appeal in an action under either Civil Code section 232 or Welfare and Institutions Code section 300." (Rule 39.1(a).) Rule 39.1(f) states, as relevant here, that where no referee was involved, "[n]otice of appeal shall be filed within 60 days after the *making of an appealable order* . . . ." (Italics ours.)

The interpretation of rule 39.1(f) appears to be an issue of first impression. Respondent relies on *In re Markaus V.* (1989) 211 Cal.App.3d 1331 [260 Cal.Rptr. 126], which concerned the time limits for appealing an order in a dependency proceeding under Welfare and Institutions Code section 300. *Markaus V.* construed rule 39(b), which governs the time for filing the notice of appeal in juvenile court actions except where otherwise expressly provided for by rule 39.1. (211 Cal.App.3d, at p. 1337.) Rule 39(b) provides that where no referee was involved, ". . . an appeal from the juvenile court is taken by filing with the clerk of that court a written notice of appeal within 60 days after the *rendition of the judgment or the making of the order* . . . ." (Italics added.)

*Markaus V.* held that "as a general rule, under rule 31(a)[2] and hence under rule 39(b), if an order is pronounced in open court, the time to appeal from the order begins to run when the order is pronounced." (*In re Markaus V., supra,* 211 Cal.App.3d at p. 1337.) *Markaus V.* also held that an exception to the general rule exists where the statute envisions that a written order be issued and filed. In such case the time to appeal from the order begins to run when the written order is issued. (*Ibid.*)

*Markaus V.* observed that the Judicial Council's Advisory Committee noted that the language in rule 39 was borrowed from rule 31, and recited the rule of statutory construction that words or phrases used in a statutory provision that were used in a prior or closely related act pertaining to the same subject matter will usually be construed to be used in the same sense. (*In re Markaus V., supra,* 211 Cal.App.3d at pp. 1335-1336.) *Markaus V.* also noted that in applying rule 31, the Supreme Court generally begins to count the time to file a notice of appeal from the oral pronouncement of judgment in open court. (211 Cal.App.3d at p. 1336.) ▉ This interpretation of rule 31 is in accord with the general rule that " '[a]n order or decree of court takes effect from the time it is pronounced, and the failure of the clerk to file the papers or enter the judgment does not delay or defeat the operation of the court's pronouncement. . . .' " (*Ibid.*)

▉ The rules governing the time for filing a notice of appeal for criminal cases (rule 31(a)), juvenile cases (rule 39(b)) and termination of parental rights (rule 39.1(f)) proceedings are substantially the same in that they all refer to the making of the order. They differ only in that rule 39.1 does not refer to the rendition of the judgment. The time to file a notice of appeal in a parental termination proceeding runs only from the "making of an appealable order[.]" (Rule 39.1(f).)

Rule 39.1(f) became effective January 1, 1992, after the enactment of rule 31 (as amended, effective Jan. 1, 1972) and rule 39(b) (effective July 1, 1987). Because rules 39(b) and 39.1(f) pertain to the same subject we may presume the phrase "making of the order" has the same meaning. It is assumed that the Legislature has existing laws in mind when it enacts a statute, and that it has knowledge of existing judicial decisions construing the affected statutes. (*Estate of McDill* (1975) 14 Cal.3d 831, 837-839 [122 Cal.Rptr. 754, 537 P.2d 874].) This canon of statutory construction should also apply to the rules of court. (*In re Markaus V., supra,* 211 Cal.App.3d at pp. 1335-1336.) Thus, we may assume that in promulgating rule 39.1(f), the

---

[2]As *Markaus V.* noted, rule 31(a) governs the time to file notice of appeals in criminal cases and replicates the language of rule 39(b) as to "the rendition of the judgment or the making of the order." (*In re Markaus V., supra,* 211 Cal.App.3d at p. 1335.)

Judicial Council was aware of *Markaus V.*'s interpretation of the phrase "making of the order."

We concur with the reasoning and result in *Markaus V.* and hold that as a general rule, under rule 39.1(f), "if an order is pronounced in open court, the time to appeal from the order begins to run when the order is pronounced." (*In re Markaus V., supra*, 211 Cal.App.3d at p. 1337.)

■ Numerous cases have held that constructive filing, which can be applied in criminal cases, does not apply in termination of parental rights proceedings under former section 232. (*In re Isaac J.* (1992) 4 Cal.App.4th 525, 533-534 [6 Cal.Rptr.2d 65]; *In re A. M.* (1989) 216 Cal.App.3d 319, 321-322 [264 Cal.Rptr. 666].) These cases have determined that the special need for finality in parental termination cases and the danger of imperiling adoption proceedings prevails over the policy considerations in favor of constructive filing. (*In re Isaac J., supra*, at pp. 531-532.) Consequently, the late notice of appeal is void. (9 Witkin, Cal. Procedure (3d ed. 1985) Appeal, § 408.)

■ In the instant case, the court pronounced its order in open court on November 9, 1992, in the presence of appellant's counsel and signed the written judgment the same day, although the clerk did not file it until November 18. The time for filing the notice of appeal began to run on November 9. Because the notice of appeal was filed 64 days thereafter, the appeal is untimely, the juvenile court's order has become final and we are without appellate jurisdiction.[3]

The appeal is dismissed.

Peterson, P. J., and King, J., concurred.

---

[3]Even if we decided the case on the merits we would have affirmed, and the end result would have been the same.