Filed 5/23/14  In re Malik J. CA2/5

**NOT TO BE PUBLISHED IN THE OFFICIAL REPORTS**

California Rules of Court, rule 8.1115(a), prohibits courts and parties from citing or relying on opinions not certified for publication or ordered published, except as specified by rule 8.1115(b).  This opinion has not been certified for publication or ordered published for purposes of rule 8.1115.

IN THE COURT OF APPEAL OF THE STATE OF CALIFORNIA

SECOND APPELLATE DISTRICT

DIVISION FIVE

| | |
|---|---|
| In re Malik J., et al., Persons Coming Under the Juvenile Court Law. | B250568 (Los Angeles County Super. Ct. No. CK37189) |
| LOS ANGELES COUNTY DEPARTMENT OF CHILDREN AND FAMILY SERVICES, Plaintiff and Respondent, v. DARLA J., Defendant and Appellant. | |

APPEALS from orders of the Superior Court of Los Angeles County, Jacqueline H. Lewis, Juvenile Court Referee.  Affirmed in part and reversed in part with directions.

Deborah Dentler, under appointment by the Court of Appeal, for Defendant and Appellant.

No appearance for Plaintiff and Respondent.

_____

Darla J. (mother) appeals from the dependency court's orders terminating jurisdiction and granting custody of two of her sons to their respective fathers under Welfare and Institutions Code section 362.4.[1]  Mother's sole contention on appeal is that the court's family law exit orders[2] fail to specify that the court granted mother supervised visitation twice a month.  We reverse the portion of the court's exit orders that do not conform to the February 14, 2013 oral order regarding mother's visitation, and we direct the court to enter amended orders granting mother twice-monthly visitation rights.

## FACTUAL AND PROCEDURAL BACKGROUND

Mother filed her opening brief in this appeal on November 22, 2013.  On January 16, 2014, the Department of Children and Family Services (Department) filed a letter brief stating it would not be filing a respondent's brief and identifying the fathers of two of mother's children as more appropriate respondents.  The two children are Malik J. and Matthew J.  On March 17, 2014, mother filed with this court a stipulation for partial reversal of the court's order terminating jurisdiction, for the sole purpose of permitting the dependency court to correct its custody orders to conform with the oral orders regarding mother's visitation.  The stipulation was signed by the four attorneys representing mother, the Department, and both fathers, respectively.

We briefly review the relevant procedural facts, cognizant that the scope of mother's appeal is narrowly focused and the parties have stipulated to partial reversal. The dependency proceeding that is the subject of this appeal commenced in May 2011, and the court ultimately exercised jurisdiction over Malik and Matthew.  On February 14, 2013, the dependency court terminated jurisdiction as to both children, granting full legal

---

[1] All further statutory references are to the Welfare and Institutions Code, unless otherwise indicated.

[2] We use the term "exit order" to refer to Judicial Council forms JV-200 (Custody Order—Juvenile—Final Judgment) and JV-205 (Visitation Order—Juvenile).

and physical custody of each child to his respective father, and granting mother monitored visitation at least twice a month. The court directed counsel for each father to prepare a exit order and stayed the termination of jurisdiction pending receipt of those written orders. On February 21, 2013, the court lifted the stay on its order terminating jurisdiction as to Matthew and entered the exit order submitted by his father's counsel. It continued the matter with respect to Malik to give his father's counsel time to obtain the family law file. On February 28, 2013, with no appearances by counsel in an unreported proceeding, the court lifted the stay on its order terminating jurisdiction as to Malik and entered the exit order submitted by his father's counsel. Both exit orders include a clerk's certificate of mailing stating that the orders were mailed to mother and other relevant parties on April 22, 2013. Mother's counsel filed a notice of appeal on May 6, 2013, appealing from "all dispositional orders from the February 14, 2013 hearing."

## DISCUSSION

### *Notice of Appeal*

Mother's notice of appeal states she is appealing from "[a]ll dispositional orders from the February 14, 2013 hearing." In her opening brief, mother asks us to construe her notice of appeal to include the court's February 28, 2013 order. We construe the notice of appeal as appealing from not only the February 28, 2013 order, which addresses visitation as to Malik, but also the February 21, 2013 order, which addresses visitation as to Matthew. Because the record makes it reasonably clear that mother is appealing from the exit orders entered on February 21 and 28, 2013, and not the February 14, 2013 order, we may liberally construe the notice of appeal to include those orders. First, the error mother is appealing from does not appear until the court enters the exit orders prepared by counsel for Matthew and Malik's fathers. Second, an appeal from the February 14, 2013 order would be untimely, regardless of whether mother was incarcerated. (Cal. Rules of Court, rule 8.406 [notice of appeal must be filed within 60 days; *In re Alyssa H.*

3

(1994) 22 Cal.App.4th 1249, 1254 [declining to apply doctrine of constructive filing in juvenile dependency cases involving termination of parental rights].) In contrast, both exit orders (dated February 21, 2013, and February 28, 2013, respectively) were not mailed to mother until April 22, 2013, and so it stands to reason that mother's May 6, 2013 notice of appeal referenced those orders, which were orally pronounced but then stayed on February 14, 2013.

***Parties' Stipulation Seeking Partial Remand***

The stipulation submitted to this court seeks an order partially reversing the dependency court's judgment for the limited purpose of conforming the exit orders to the oral visitation orders made by the court on February 14, 2013. We agree that we may partially reverse and remand the matter. When the dependency court terminates jurisdiction over a proceeding, it has authority to make exit orders addressing custody and visitation. (§ 362.4; *In re T.H.* (2010) 190 Cal.App.4th 1119, 1122-1123.) A juvenile court's oral exit order indicating the terms of a parent's visitation controls over the written order where the written order conflicts with the reporter's transcript, and this court has authority to remand the matter to the dependency court with directions to correct the written order. (*In re A.C.* (2011) 197 Cal.App.4th 796, 800.)

## DISPOSITION

The family law exit orders entered on February 21, 2013, and February 28, 2013, are partially reversed, and the dependency court is directed to correct the orders to reflect its oral February 14, 2013 order granting mother twice-monthly monitored visitation.  In all other respects, the orders of the dependency court are affirmed.


KRIEGLER, J.

We concur:


MOSK, Acting P. J.


MINK. J. *

---

*        Retired judge of the Los Angeles County Superior Court assigned by the Chief Justice pursuant to article VI, section 6 of the California Constitution.