Filed 4/30/21  In re C.M. CA3

<u>NOT</u> <u>TO</u> <u>BE</u> <u>PUBLISHED</u>

**California Rules of Court, rule 8.1115(a), prohibits courts and parties from citing or relying on opinions not certified for publication or ordered published, except as specified by rule 8.1115(b).  This opinion has not been certified for publication or ordered published for purposes of rule 8.1115.**

IN THE COURT OF APPEAL OF THE STATE OF CALIFORNIA

THIRD APPELLATE DISTRICT

(Sacramento)

----

| | |
|---|---|
| In re C. M. et al., Persons Coming Under the Juvenile Court Law. | C091719 |
| SACRAMENTO COUNTY DEPARTMENT OF CHILD, FAMILY AND ADULT SERVICES,<br><br>Plaintiff and Respondent,<br><br>v.<br><br>J. M.,<br><br>Defendant and Appellant. | (Super. Ct. Nos. JD239072, JD239073) |

Appellant J. M., mother of the minors, appeals from the juvenile court's orders summarily denying her third petition for modification, which requested the court vacate its jurisdiction and disposition orders and hold a new jurisdiction hearing.  (Welf. & Inst.

1

Code,[1] §§ 388, 395.) The basis of her petition was that she had been deprived of her right to a contested jurisdiction hearing. We conclude mother failed to make the requisite prima facie showing required for a hearing or relief pursuant to section 388 and affirm.

BACKGROUND

We limit our recitation of the facts to those that are relevant to our resolution of this appeal.

On June 8, 2018, Sacramento County Department of Child, Family, and Adult Services (the Department) filed a section 300 petition on behalf of the then two-year-old minors. The petition was based on mother's alleged inability to provide regular care due to her mental illness or substance abuse. Specifically, the petition alleged that mother had a history of abusing alcohol to the point of intoxication while the children were in her care. On or about April 22, 2018, the police had responded to mother's home. The children were in the street without supervision. The police noted several empty alcohol bottles and mother was in a zombie-like state. On or about May 29, 2018, the police responded to the home and found mother intoxicated to the point of needing medical attention. The petition further alleged that mother had been diagnosed bipolar and prescribed psychotropic medication. However, on or about May 30, 2018, mother exhibited symptoms of a psychological disorder and she was not currently compliant with medication.

At the initial hearing, held on June 12, 2018, the juvenile court appointed counsel for mother. Mother's counsel asked for a continuance stating that, based on his conversations with mother, she understood the nature of the proceedings but he did not think it would be appropriate to go forward without a guardian ad litem (guardian). The juvenile court explained to mother that a guardian would be appointed to work with her

---

[1] Undesignated statutory references are to the Welfare and Institutions Code.

and her attorney and protect mother's rights in these proceedings. If appointed, the guardian would have control over the case, the authority to direct mother's attorney, the ability to stipulate or make concessions on mother's behalf, direct tactics, and potentially agree to orders and judgments. Mother said she understood and that it sounded good. Mother told the court she had been under the care of mental health professionals when she was in her 20's. She had a psychiatrist and there had been times when she had taken medication for her mental health. The juvenile court found by a preponderance of the evidence that it was in mother's best interests she be appointed a guardian. Because the appointed guardian was not present, the court authorized an emergency detention and continued the remaining issues.

At the continued hearing, on June 14, 2018, the Department submitted on the petition. Minors' counsel and counsel for father submitted on detention. Mother's counsel objected to detention and requested services, without prejudice. The court found a prima facie case and a substantial danger to the children. The court detained the children and ordered services to mother without prejudice.

At the July 10, 2018 hearing, the Department submitted on jurisdiction and requested to bifurcate disposition. Father's attorney stated that father was not the biological father and wanted to be excluded from the proceedings.[2] Mother interjected that the allegations were not true and that her rights were being violated. Mother's counsel objected to the court taking jurisdiction, as mother denied all allegations. On the guardian's behalf, mother's attorney submitted on jurisdiction.

The juvenile court noted that the Department's evidence included evidence from law enforcement agencies. The court understood that mother contested the evidence, but the court found it credible and reliable. The court found the allegations true, assumed

---

[2]    Father later waived his right to reunification services and is not a party to this appeal.

jurisdiction over the minors, and ordered a psychological evaluation to be used to tailor services for mother.

The disposition hearing took place on November 27, 2018. Mother's counsel asked to waive the guardian's presence. The guardian had given permission to proceed in his absence. The Department recommended the minors be removed and reunification services be provided to mother. The Department, minors' counsel, and counsel for father submitted on disposition. Mother's counsel objected to out-of-home placement, submitted on services, and agreed with the case plan.

Based on the evidence in the reports, the juvenile court adjudged the minors dependents, finding clear and convincing evidence of a substantial danger based upon mother's mental health and substance abuse. The court removed the minors from mother and found placement with father was not appropriate. The court ordered services to mother only and regular visitation to both parents. Mother said she did not feel she had been heard and contested the evidence. The court adopted the findings and orders, and ordered the minors specifically placed in their current placement. Mother's counsel entered mother's adamant objection to the specific placement. Mother did not, however, file a notice of appeal.

On April 4, 2019, newly retained counsel for mother filed a substitution of attorney and at the May 14, 2019 hearing, the court relieved mother's appointed counsel at the request of mother's new counsel. Also at the request of mother's new counsel, the court conducted an inquiry of mother and her guardian regarding whether she continued to need a guardian. Based on its inquiry, the juvenile court relieved the guardian.

At this same May 14, 2019 hearing, mother's new counsel filed a section 388 petition for modification, requesting the court to change the detention, jurisdiction, and disposition orders. The petition alleged that the change would return the minors home sooner to mother, so that the mother-child bond could be developed.

4

Attached to the petition for modification was a declaration by mother regarding her prior attorney's representation. Mother stated the attorney had spoken to her for five minutes before the detention hearing and had not told mother that he was going to request appointment of a guardian. Mother would have challenged detention. Mother had not met with the guardian before the jurisdiction hearing. Mother would have contested jurisdiction and disposition. Also attached to the petition was mother's newly retained counsel's declaration. In it, he declared he had spoken to mother about the case and she had no trouble understanding. He argued mother had not received effective assistance of counsel and her due process rights had been violated. On May 21, 2019, the court found that the petition did not satisfy the best interests of the minors' prong and denied the petition. Mother did not appeal the denial of her petition.[3]

On September 5, 2019, mother filed a second section 388 petition for modification. Mother again asked the court to change the orders from the detention, jurisdiction, and disposition hearings, and requested immediate return of the minors to her custody. She alleged the chronological notes demonstrated that the social worker had intentionally left exculpatory information out of the petition and protective custody order. Mother's attorney's declaration in support of the petition argued that there was no factual or legal basis for the section 300 petition or the protective custody warrant, that the failure to disclose that evidence was a violation of the social worker's duty of care, that mother had tested negative for drugs in April and May 2018, and that mother was being treated only for postpartum depression and was medication compliant. Also attached to

---

**3** Mother filed a notice of appeal on August 22, 2019, from the subsequent June 27, 2019, 12-month review hearing. Appellant's counsel pointed out at oral argument that this notice of appeal did include the denial of this petition in the "other" section, but no argument was made by former appellate counsel in that regard. We note that the notice of appeal was not timely as to the May 21, 2019, denial of the petition. Thus, no such argument would have been appropriate in that appeal and any implied criticism regarding former appellate counsel's failure to do so is misdirected.

the petition were points and authorities, the chronological notes, the first page of the detention report, and mother's declaration. The juvenile court denied the petition. It found that mother had not made a prima facie showing of new evidence or a change in circumstances or that the requested relief would be in the minors' best interests. Mother did not appeal the denial of the petition.

On February 19, 2020, mother's counsel filed a third section 388 petition for modification, again seeking to vacate the jurisdiction and disposition orders. The petition alleged mother's original attorney and guardian had violated her due process rights by submitting on the social worker's reports at the jurisdiction hearing and that the record showed mother had objected to the allegations. The petition also alleged the juvenile court had not obtained a valid waiver of mother's constitutional rights.

In the attorney's declaration in support of an evidentiary hearing on the third section 388 petition, counsel argued that mother had a right to an evidentiary hearing on the section 388 petition, based on *Ansley v. Superior Court* (1986) 185 Cal.App.3d 477. At a hearing on March 4, 2020, the court stated that it had read the third section 388 petition and reviewed the cited cases. Mother's attorney stated that the previous (first) petition had raised a similar ground but had not cited to *Ansley* as a basis. *Ansley*, he argued, stood for the proposition that a section 388 petition for modification was an appropriate vehicle to attack juvenile court jurisdiction based on a due process notice defect.

The Department argued that there was no alleged change in circumstances or new evidence, remarking that citing case law that had not previously been cited was not a change in circumstances. The Department also argued the petition was not timely and asked the court to deny the petition. Minors' counsel argued that there had not been a change in circumstances and that the petition did not state how the proposed change was in the minors' best interests. Minors' counsel argued that granting the petition and starting over would not be in the minors' best interests. Mother's counsel argued that, at

jurisdiction, both mother's appointed counsel and her guardian had failed to properly represent mother. The information before the court at jurisdiction was that mother had tested clean and that her psychiatrist had said she was a good mother. A hearing on jurisdiction would have allowed mother to testify.

The juvenile court denied mother's third section 388 petition for modification. The court expressed its concern about the timeliness of a jurisdiction challenge and stated it should have been made via timely appeal. Turning to the merits, the issues raised in mother's third section 388 petition were the same issues that were raised in her earlier section 388 petitions. There was no new evidence or showing of a change in circumstances. Moreover, there was no showing that it would be in the minors' best interests to redo jurisdiction and disposition. In making its ruling, the court noted that the evidence at the time of detention was that a number of third parties, including a mental health clinician and law enforcement officials, had direct, firsthand contact with mother and, based on that contact, had questioned mother's mental state and capacity to care for the children.

Mother filed a timely notice of appeal from the juvenile court's March 4, 2020, order denying her third section 388 petition for modification.

DISCUSSION

Mother contends reversal of the jurisdiction and disposition orders is required because her guardian failed to act zealously to preserve her interest in the companionship, care, and custody of the minors, thereby violating her due process rights. She argues the errors of the guardian and the juvenile court's failure to set a contested hearing deprived her of her fundamental right to a contested jurisdiction hearing. While mother's contention is raised in this appeal from her third petition for modification, mother is, in

7

substance, challenging the juvenile court's jurisdiction and disposition orders, which have long since become final and are not subject to attack in this appeal.[4]

In a juvenile dependency proceeding, the disposition order is the judgment for purposes of appeal. (§ 395; *In re Meranda P.* (1997) 56 Cal.App.4th 1143, 1149-1150.) The jurisdiction finding is not separately appealable but may be reviewed on an appeal from the disposition order. (*In re Candida S.* (1992) 7 Cal.App.4th 1240, 1249; *In re Jennifer V.* (1988) 197 Cal.App.3d 1206, 1209.) Subsequent postdisposition orders are appealable as orders after judgment. (§ 395.)

In general, the time for appeal of an order made in a dependency case is 60 days from the date of the order's pronouncement in open court. (*In re Alyssa H.* (1994) 22 Cal.App.4th 1249, 1253-1254.) If no timely appeal is taken from a dependency order, the order is final and binding, the issues determined by the order are res judicata, and the order may not be attacked on appeal from a later appealable order. (*In re S.B.* (2009) 46 Cal.4th 529, 532; *In re Matthew C.* (1993) 6 Cal.4th 386, 393.) Additionally, when a party seeks to challenge an order because of ineffective assistance of counsel, the customary way to do so is by filing a timely petition for writ of habeas corpus in the juvenile court. (*In re Jackson W.* (2010) 184 Cal.App.4th 247, 258-259; *In re Paul W.* (2007) 151 Cal.App.4th 37, 53.) Here, mother did not timely appeal from the disposition order or file an accompanying petition for writ of habeas corpus. Instead, mother filed a section 388 petition for modification.

---

[4]    Mother also unsuccessfully raised this belated challenge to the jurisdiction and disposition orders in a May 26, 2020, petition for extraordinary writ taken from the setting of a section 366.26 hearing, a June 12, 2020, writ of habeas corpus filed in this court, and an August 3, 2020, petition for review in the California Supreme Court after denial of her writ of habeas corpus. (Cases Nos. C092031, C092066, S263657.) We grant the Department's October 13, 2020, request for judicial notice to take judicial notice of the California Supreme Court's September 23, 2020, denial of mother's petition for review.

Because the habeas corpus statutes specifically provide for relief, the use of a section 388 petition to bring a claim of ineffective assistance of counsel before the court is superfluous, even if it is permissible.[5]  (See *In re Jackson W., supra*, 184 Cal.App.4th at pp. 258-259.)  Moreover, the use of a section 388 petition to launch such challenge comes with the requirement that, in addition to proving ineffective assistance of counsel, the party establish there is new evidence or a change in circumstances and that the proposed order will promote the best interests of the minors.  (§ 388; see *In re Jackson W.*, at pp. 259-260.)

Subdivision (a) of section 388 authorizes a parent of a child who is a dependent of the juvenile court, "upon grounds of change of circumstance or new evidence, [to] petition the court in the same action in which the child was found to be a dependent child of the juvenile court . . . for a hearing to change, modify, or set aside any order of court previously made."  Subdivision (d) provides:  "If it appears that the best interests of the child . . . may be promoted by the proposed change of order . . . , the court shall order that a hearing be held."  The petitioning party bears the burden of showing both new evidence or a change of circumstance exists *and* that the proposed change is in the minors' best interests.  (*In re Casey D.* (1999) 70 Cal.App.4th 38, 47.)

To compel a hearing on a section 388 petition, the petitioner is required to make a " 'prima facie' " showing of "facts which will sustain a favorable decision if the evidence submitted in support of the allegations by the petitioner is credited."  (*In re Edward H.* (1996) 43 Cal.App.4th 584, 593.)  When a petition fails to make the requisite prima facie

---

[5]    We assume, but do not decide, that a section 388 petition for modification is a proper vehicle for modifying a prior order because of ineffective assistance of counsel. (See *In re Jackson W*., *supra*, 184 Cal.App.4th at p. 259, fn. 7.)  *Ansley*, upon which mother relied in the juvenile court, held only that "new evidence" showing the absence of jurisdiction notice necessary to support a dependency judgment is an appropriate ground for a section 388 petition. (*Ansley v. Superior Court*, *supra*, 185 Cal.App.3d at pp. 486-487.)

showing, the juvenile court may summarily deny the petition. (*In re Lesly G.* (2008) 162 Cal.App.4th 904, 912.) We review the juvenile court's denial of a request for a hearing on the modification petition for abuse of discretion. (*In re Anthony W.* (2001) 87 Cal.App.4th 246, 250.)

Mother's earlier section 388 petitions were denied and she did not appeal. In this appeal from the summary denial of mother's *third* section 388 petition, mother argues the evidence she submitted in support of the petition "affirmatively demonstrate[s] ineffective assistance of counsel and trial court errors in failing to advise her of her constitutional rights and failing to set a contested hearing." Significantly, what mother does *not* argue, as she must, is that the juvenile court abused its discretion in denying her petition because she made a prima facie showing of "new evidence or changed circumstances" and that the proposed change was in the minors' best interests. A review of mother's petition reveals that neither prima facie showing required for a hearing or relief pursuant to section 388 was made.

The prima facie requirement is met by presenting facts which, if given credit at the hearing, would sustain a favorable decision on the modification petition. (*In re Zachary G.* (1999) 77 Cal.App.4th 799, 806; *In re Edward H.*, *supra*, 43 Cal.App.4th at pp. 592-594.) As found by the juvenile court in summarily denying mother's petition, the information mother provided in her third petition was not in any way new. The juvenile court had already denied mother's first section 388 petition for modification on May 21, 2019, which was based on the same alleged improper waiver of mother's trial right, and that order was not appealed. Mother's third section 388 petition for modification was filed on February 19, 2020 -- nine months after her retained counsel's knowledge of the facts allegedly giving rise to her complaint and nine months after mother's first section 388 petition. Mother's third petition, like her first, alleged mother's original appointed counsel violated her rights by submitting on jurisdiction, and the court violated her due process rights at the jurisdiction hearing by failing to advise her of her rights and

10

obtain a personal waiver of her right to a jurisdiction hearing. There were no allegations that any circumstances had changed in this regard since the previous orders denying her first petition had been entered or that any of the evidence proffered in support of the third petition had not been available at the time her first petition was filed. Although mother's argument on the issue was more in depth, the only "new" information or evidence provided by mother in connection with her third petition and her contention that her rights were violated was her submission of the transcripts for the complained-of hearings.

Moreover, even if the petition was sufficient to make a prima facie showing of new evidence or changed circumstances, the petition made no attempt whatsoever to allege that the requested relief (here, a new jurisdiction hearing to take place nearly two years after the commencement of these proceedings) was in the best interests of the minors. In fact, despite declarations by mother and her counsel and supporting attachments, there were no specific factual allegations as to why the proposed change was in the minors' best interests. Indeed, the best interests of the minors was never even mentioned. On the JV-180 form, in the space provided for alleging how the proposed change is in the minors' best interests, the petition merely stated, "This would allow the children to reunify with their mother in conformance with Legislative intent and controlling case law." This statement was insufficient to make a prima facie showing that returning the matter to the jurisdiction and dispositional phase at such late date would serve the minors' best interests, especially, as noted by the juvenile court, in light of the substantial evidence supporting the jurisdiction and disposition orders that had been presented to the juvenile court.[6] (See, e.g., *In re Justice P.* (2004) 123 Cal.App.4th 181, 190-193 [not necessarily in a child's best interest to grant a § 388 petition whenever a parent has established a notice violation].)

---

[6]     We note that, during the pendency of this appeal, the minors were returned to mother's custody with the provision of family maintenance services.

11

Given the stage of the proceedings, the nearly identical allegations regarding the complained-of circumstances relative to mother's first petition, and the failure to allege how the proposed change was in the best interests of the minors, the juvenile court was within its discretion to deny mother's third section 388 petition without a hearing.

DISPOSITION

The orders of the juvenile court are affirmed.

/s/
Robie, Acting P. J.

We concur:

/s/
Murray, J.

/s/
Hoch, J.

12